UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK, an
Alabama banking corporation, as
successor by merger to AmSouth Bank,

Case No. 3:10-cv-00646

Plaintiff,

v.

MOHAMAD R. SAMIIAN, individually,
BAHMAN VENUS, individually,
HORMOZ KHOSRAVI, individually,
and HOSSEIN RAMEZANI, individually,

Defendants.
_____/

## DEFENDANT, MOHAMAD R. SAMIIAN'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR IN THE ALTERNATIVE TO ABATE AND INCORPORATED MEMORANDUM OF LAW

COMES NOW the Defendant, MOHAMAD R. SAMIIAN ("Samiian"), by and through his undersigned counsel, and respectfully requests this Honorable Court enter an Order granting Defendant's Motion to Dismiss Plaintiff's Amended Complaint or alternatively to Abate the Proceedings herein for good cause, and states as follows:

### I. FACTS

1. Plaintiff, REGIONS BANK, AN ALABAMA BANKING CORPORATION, AS SUCCESSOR BY MERGER TO AMSOUTH BANK ("Plaintiff" or "Regions"), filed its Amended Complaint on or about July 27, 2010 against Samiian seeking enforcement of a personal guaranty dated May 2, 2008 ("Personal Guaranty").

2. On or about May 2, 2008, Samiian executed a Continuing Personal Guaranty securing

payment of any amounts due by Apadana, Inc., a Florida corporation ("Apadana") to Regions Bank on three separate Promissory Notes, which are secured by mortgages on two separate parcels of real property in St. Johns County, Florida.

3. At all material times, Samiian has been and still is a Director of Apadana.

4. On or about April 30, 2010, Apadana filed for Chapter 11 Bankruptcy in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division ("Bankruptcy Proceeding").

5. The underlying debt for which Plaintiff seeks enforcement of the Personal Guaranty is currently subject to the jurisdiction of and pending in the Bankruptcy Court.

6. On or about June 21, 2010, Regions filed a Motion to Prohibit Apadana's Use of Cash Collateral and for Adequate Protection in the Bankruptcy Proceeding, requesting monthly protection payments and weekly reports of Apadana's use of cash collateral.

7. On or about July 9, 2010, an Interim Order on Debtor's Use of Cash Collateral was entered in the Bankruptcy Proceeding, requiring Apadana to make an adequate protection payment to Regions on the 15th day of each and every month in the amount of $7,586.52.

8. Before filing this Motion, Apadana has paid the entire first payment of $7,586.52 to Regions as adequate protection in the Bankruptcy Proceeding.

9. Regions sought, and has received and accepted, the adequate protection payments ordered by the Court in the Bankruptcy Proceeding.

10. Regions has elected to accept the adequate protection payments in the Bankruptcy Proceeding as its remedy and therefore has elected only that remedy for enforcement of the Promissory Notes executed by Apadana.

## II. DISCUSSION

11. Pursuant to *Ehrman v. Mann*, 979 So.2d 1011 (4th DCA, 2008), the purpose of the election of remedies doctrine is to prevent double recoveries from a single wrong.

12. The election of remedies doctrine is an "application of the doctrine of estoppel and operates on the theory that a party electing one course of action should not later be allowed to avail himself of an incompatible course." *Id.*

13. Regions is barred from seeking enforcement of the Personal Guaranty when it has elected a course of action to seek adequate protection payments in the Bankruptcy Proceeding.

14. Regions cannot seek enforcement of the Personal Guaranty executed by Samiian while accepting monthly installment payments in the amount of $7,586.52 from Apadana in the Bankruptcy Proceeding.

15. Since this litigation is currently pending in the Middle District of Florida Bankruptcy Court, to continue this proceeding would be a "waste of judicial resources." *See, e.g., Optical Technologies, Inc. v. Pryce's Pharmacy Inc. and Price*, 325 B.R. 651, 652 (M.D. Fla., 2005).

16. For the sake of judicial economy, Regions cannot seek enforcement of the Personal Guaranty because, if the Bankruptcy Court decides contrary to this Court, additional wasteful appeals may accure. *See, Id.*

17. Plaintiff has further failed to state a claim upon which relief can be granted because the issue of damages is not ripe. The damages Plaintiff claims against Samiian through enforcement of the Personal Guaranty are speculative and inapplicable because Apadana has paid, and will continue to pay to Regions the adequate protection payments in the Bankruptcy Proceeding, amounting to the payments under the Notes, Mortgages and Guarantee.

18. "The ripeness doctrine keeps federal courts from deciding cases prematurely," *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006) and "protects [them] from engaging in speculation or wasting their resources through the review of potential or abstract disputes." *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997).

19. Regions cannot file a claim based on future events and/or future nonpayment. A claim is not ripe if it rests upon contingent future events that may not occur. *Texas v. United States*, 118 S.Ct. 1257, 1259.

### III. CONCLUSION

20. Defendant, MOHAMAD R. SAMIIAN, respectfully requests this Honorable Court enter an Order Dismissing this action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, or in the alternative, an Order Abating these proceedings, during the pendency of the Bankruptcy Proceeding, as described.

21. These Motions are not filed for dilatory purposes.

### GOOD FAITH CERTIFICATE

Counsel for the Defendant hereby certifies that he has conferred with counsel for Plaintiff in good faith in an effort to resolve the issues raised by the motion in accordance with Local Rule 3.01(g), and certifies that the filed motion is opposed and counsel do not agree on the resolution thereof.

DATED in Jacksonville, Duval County, this __18th__ day of August, 2010.

                                                          **LAW OFFICES OF FRED TROMBERG**

                                                          _/s/ Fred Tromberg_

                                                          Fred Tromberg, Esquire (FBN: 246514)
                                                          Charles F. Schmitt, Esquire (FBN: 0012803)
                                                          Antoinette Burgess, Esquire (FBN: 0059241)
                                                          Joshua A. Woolsey, Esquire (FBN: 0037905)
                                                          4925 Beach Boulevard
                                                          Jacksonville, FL 32207
                                                          Telephone: (904) 396-5321
                                                          Facsimile: (904) 396-5730
                                                          Attorneys for Defendant, Mohamad R. Samiian

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of August, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: W. Glenn Jensen, Roetzel & Andress, Attorney for Plaintiff, P.O. Box 6507, Orlando, Florida, 32802-6507.

                                                          _/s/ Fred Tromberg_
                                                          Fred Tromberg, Esquire