UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK, an Alabama banking corporation, as successor by merger to AmSouth Bank,

      Plaintiff,

v.

MOHAMAD R. SAMIIAN, individually,
BAHMAN VENUS, individually,
HORMOZ KHOSRAVI, individually,
and HOSSEIN RAMEZANI, individually,

      Defendants.
_____/

Case No. 3:10-cv-00646-UAMH-MCR

## REGIONS BANK'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, Regions Bank, an Alabama banking corporation, as successor by merger to AmSouth Bank ("Regions"), by and through its undersigned counsel, hereby files this response in opposition to the motion to dismiss (the "Motion") filed by Defendant, Mohamad R. Samiian ("Samiian" or "Defendant"), and states as follows:

### BACKGROUND

On July 27, 2010, Regions filed an Amended Complaint seeking to enforce the terms of four personal guaranties (the "Guaranties") executed by the above-named Defendants in connection with a commercial loan made by Regions to Apadana Investments, Inc. ("Apadana" or the "Borrower"). Count I of the Amended Complaint is directed to Samiian.

On or about April 30, 2010, before this action commenced, Apadana filed a voluntary petition for protection under Chapter 11 of the United States Bankruptcy Code in the United

States Bankruptcy Court, Middle District of Florida, Jacksonville Division (the "Bankruptcy Case").

On June 21, 1010, as part of the Bankruptcy Case, Regions moved to prohibit Apadana's use of cash collateral and for adequate protection payments to be made to Regions during the Bankruptcy Case. The bankruptcy court granted the motion, and ordered Apadana make monthly payments to Regions in the amount of $7,586.52 on the 15th day of each month thereafter.

On August 18, 2010, Samiian filed the Motion, asking this Court to dismiss the Amended Complaint.

## MEMORANDUM OF LAW

### I. Standard On A Motion To Dismiss

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8: "a short and plaint statement of the claim showing that the pleader is entitled to relief." *See Acosta v. Campbell*, 309 Fed. Appx. 315, 318 (11th Cir. 2009). On a motion to dismiss, the Court must accept as true all the allegations in the complaint and construe them in the light most favorable to the plaintiff. *See Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004). "To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). In making this determination, the Court must limit its consideration to the allegations contained within the four corners of the complaint, and any documents referenced in the complaint which are central to the claims alleged. *See Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007).

**II.     Argument**

    **A.     Introduction**

To succeed on his Motion, Samiian bore the burden to show that the allegations contained in the Amended Complaint, accepted as true, fail to state a cause of action on the Guaranty. Samiian has not met that burden. Instead, Samiian offers two meritless arguments which impermissibly require this Court to consider facts beyond those alleged in the Amended Complaint. For example, Samiian urges the Court to dismiss Regions' claim on the ground that Regions has "elected its remedy" by seeking adequate protection payments from Apadana in the Bankruptcy Case, and therefore is barred from suing Samiian on the Guaranty. Samiian also asks the Court to dismiss Regions claim because the damages Regions claims are "too speculative." Neither assertion offers this Court a basis for dismissal.

As an initial matter, Samiian's arguments fail because, to even consider them, the Court would have consider facts beyond those alleged in the Amended Complaint—an act which this Court is expressly prohibited by law from doing. Thus, denial of the Motion is warranted for this reason alone. But even if it were permissible for this Court to consider Samiian's assertions, they still do not support dismissal because they find no support under the applicable law.

The fact that Apadana, the borrower, has filed for protection under Chapter 11 of the Bankruptcy Code, has no bearing whatsoever on Samiian's liability as guarantor. To the contrary, it is universally accepted that, while the automatic stay applies to and protects a debtor in bankruptcy from any further actions by creditors to collect a debt, the automatic stay neither applies to nor protects a third-party guarantor of such debt. Regions is therefore fully within its rights to pursue Samiian on the Guaranty, notwithstanding Apadana's pending bankruptcy. Likewise, the fact that Regions has sought and been awarded adequate protection payments from

Apadana as part of that Bankruptcy Case, does not prevent Regions from suing to enforce the terms of the Guaranty. Quite the opposite. In Florida, a creditor may pursue a suit on a guaranty, an action on a promissory note, or an action to foreclose a mortgage simultaneously, or separately, at its option.

As for Samiian's "speculative damages" argument, it, too, fails as a matter of law. As previously discussed, to even consider whether Regions' damage allegations are too "speculative" would require the Court to consider facts beyond those alleged in the Amended Complaint. For the purposes of this Motion, the Court must merely consider whether the allegations Regions has made, if proved, would entitle it to damages for Samiian's breach of the Guaranty. Judging from the well-pled factual allegations of the Amended Complaint, and its attached exhibits, the answer to that question is "yes."

For these reasons, explained in more detail below, the Motion must be denied

**B.   Seeking adequate protection payments from the Borrower is not an "election of remedies" prohibiting Regions from enforcing the Guaranty.**

In the Motion, Samiian contends that "Regions is barred from seeking enforcement of the Personal Guaranty when it has elected a course of action to seek adequate protection payments in the Bankruptcy Proceeding." *See* Motion ¶ 13. Samiian also asserts that, were this Court to allow this action to proceed while the Bankruptcy Case is still pending, it would be a "waste of judicial resources." *Id.* at ¶ 15. As previously discussed, however, this argument requires the Court to consider facts which are not alleged in the Amended Complaint—something the law expressly forbids the Court from doing. *See, e.g.*, *Griffin Industries, Inc.*, 496 F.3d at 1199. Accordingly, the Court would be justified in disregarding this argument out of hand. But, assuming for the sake of argument that the Court could consider it (which it cannot), Samiian's "election of remedies" argument also fails on the merits.

While it does not come right out and say it, the Motion certainly implies that the automatic stay triggered by Apadana's pending Bankruptcy Case should also bar Regions from pursuing Samiian on the Guaranty. *See* Motion at 2-4. But the law says otherwise. In fact, bankruptcy courts from this and other circuits uniformly recognize that "the automatic stay provisions of section 362(a) generally are not available to third-party non-debtors" like guarantors. *In re Sunbeam Securities Litigation*, 261 B.R. 534, 535 (Bankr. S.D. Fla. 2001) (citing *McCartney v. Integra Nat. Bank North*, 106 F. 3d 506, 509-10 (3d Cir. 1997) (explaining that it is "'universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the … debtor'")). Here, the fact that Apadana, as borrower, has filed for Chapter 11 bankruptcy protection is of no consequence to the question whether Regions has adequately stated, or is permitted to maintain, a cause of action against Samiian on the Guaranty. Thus, to the extent the Motion is premised on Samiian's intimation that the automatic stay provisions extend to Samiian as well as Apadana, it must be denied as a matter of law.

As for Samiian's argument that Regions has "elected its remedy" and is, therefore, barred from suing Samiian on the Guaranty by seeking adequate protection payments from Apadana in the Bankruptcy Case, nothing could be further from the truth. First of all, adequate protection payments, much like the automatic stay itself, are a creature unique to bankruptcy law. Indeed, federal courts, including those of this circuit, have recognized that "[a]dequate protection payments are intended, first and foremost, to protect against, and compensate for, a decrease in the value of a creditor's collateral." *In re George*, 315 B.R. 624, 628 (Bankr. S. D. Ga. 2004); *In re SunCruz Casinos, LLC*, 298 B.R. 833, 844 (Bankr. S.D. Fla. 2003) (citing *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs. Ltd.*, 484 U.S. 365, 370 (1988) (explaining that

"[i]f the value of the collateral decreases, the creditor is entitled to cash payments…[t]hus the amount by which the collateral depreciates is the amount of adequate protection to which the secured creditor is entitled.")). And that is precisely what happened in the Bankruptcy Case Samiian so inappropriately references in support of its Motion. When Apadana filed its voluntary Chapter 11 petition in April of this year, Regions sought and was awarded periodic cash payments from Apadana not as a "remedy" for Apadana's default under the loan documents, but as a mechanism under the Bankruptcy Code designed to off-set the diminution in value of its collateral. Taking action to protect the value of its collateral during the pendency of the Bankruptcy Case is not, nor should it be construed as, an "election of remedies" which would bar this action on the Guaranty.

Moreover, even if seeking adequate protection payments in the Bankruptcy Case could be considered the election of a "remedy" under the loan documents (which Regions denies), it would still not bar this action. In Florida, the doctrine of "election of remedies" merely requires a plaintiff to elect "between *inconsistent* remedies" at some point before a final judgment is entered. *See, e.g.*, *Barbe v. Villenueve*, 505 So. 2d 1331, 1333 (Fla. 1987) (emphasis added); *Waynfiled Inns v. Edward Leroux Group*, 896 F.2d 483, 488 (11th Cir. 1990) (applying Florida law). In Florida, however, actions on a note, to enforce a guaranty, or to foreclose a mortgage, are not inconsistent; they are cumulative. In fact, in Florida, a creditor may pursue a suit on a guaranty, an action on a promissory note, or an action to foreclose a mortgage simultaneously, or separately, at its option. *See* § 46.041(1), Fla. Stat. (holder can sue guarantor in the same action as maker); § 673.416(1), Fla. Stat. (holder can sue guarantor separately); *see also Gottschamer v. August, Thompson, Sherr, Clark & Shaffer, P.C.*, 438 So. 2d 408, 409 (Fla. 2d DCA 1983) ("[A] suit on a guaranty and an action to foreclose a mortgage are not inconsistent remedies, and

pursuing either action without satisfaction does not bar the pursuit of the other."); *Mullins v. Sunshine State Service Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989) ("Where the guarantee is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in who's favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors."). And in this case, the very language of the Guaranty itself made it clear that Samiian was agreeing to a primary, not a secondary obligation on the debt.[1] That means that Samiian is and can be held liable for Apadana's indebtedness, whether or not Regions ever sues on the Notes or brings an action to foreclose its Mortgage.

In sum, Samiian's fallacious "election of remedies" merely bespeaks the obvious: Samiian is confused about the legal impact of Apadana's Bankruptcy Case on this litigation and his liability under the Guaranty. But Samiian's confusion is no basis for dismissal.[2]

### C. Samiian's assertion that the damages' Regions has claimed are "speculative" is not a proper basis for dismissal.

Samiian's contention that the Amended Complaint must be dismissed because the damages Regions claims are "speculative" is also not sufficient grounds for dismissal. As Regions has already discussed, whether the damages it has claimed ultimately prove to be too "speculative" (an assertion which Regions denies) is a question of fact that is quite simply not before the Court at this stage of the proceedings. The Court's only task here is to determine, based on what Regions has actually alleged, whether it has sufficiently stated a claim on the

---

[1] "This is a guaranty of payment and not of collection, so [Regions] can enforce this Guaranty against [Samiian] even when [Regions] has not exhausted [its] remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness, this Guaranty or any other guaranty of the Indebtedness." *See* Samiian Guaranty at 1.

[2] It is important to note that, in making its "election of remedies" argument in favor of dismissal, Samiian disingenuously glosses over the fact that it has only made one adequate protection payment and has consistently represented to the bankruptcy court that it should not be required or is not able to make any further such payments to Regions. Accordingly, in addition to all the reasons militating in favor of denial of the Motion already discussed above, to the extent the Motion relies on Samiian's equivocal representations regarding the adequate protection payments, it should also be denied pursuant to the equitable doctrine of judicial estoppel. *See, e.g.*, *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1335 (11th Cir. 2005).

Guaranty. In so doing, the Court must accept as true all factual allegations contained within the Amended Complaint, and construe all inferences from those facts in the light most favorable to Regions. *See, e.g.*, *Griffin Industries, Inc.*, 496 F.3d at 1199.

With this standard in mind, it is clear the Motion must be denied. Under Florida law,[3] a cause of action for breach of a guaranty agreement arises upon a default and a subsequent refusal to pay by the guarantor. *Brunswick Corp. v. Creel*, 471 So. 2d 617 (Fla. 5th DCA 1985). And, since the rules applicable to contracts generally apply with equal force to guaranty agreements, *see Warner v. Caldwell*, 354 So. 2d 91 (Fla. 3d DCA 1977), to state a claim for breach of the Guaranty, Regions has to allege three elements: (i) a valid contract, (ii) a breach of the contract, and (iii) damages. *Abbott Labs. Inc. v. Gen. Elec. Capital*, 765 So. 2d 737, 740 (Fla. 5th DCA 2000). All three elements are present in the Amended Complaint.

For example, Regions has alleged that Samiian, as guarantor, executed and delivered to Regions a "Commercial Guaranty, guaranteeing payment of all amounts due and owing to Regions" pursuant to the loan documents. *See* Am. Compl. ¶ 23. Thus, the first element, a valid guaranty agreement, has been alleged.

Regions has further alleged that, pursuant to the Guaranty, Samiian is liable as a result of Apadana's default under the Notes. *See* Am. Compl. ¶ 25. Regions has also alleged that it remains unpaid for the nearly $5 million it is owed by Apadana under the Notes and by Samiian under the Guaranty. *Id*. Thus, the second and third elements, a breach of the Guaranty and resulting damages, have also been alleged. The law requires nothing more.

---

[3] "Under the Erie Doctrine, a federal court adjudicating state law claims applies the substantive law of the state." *Kraft Co., Inc. v. J&H Marsh & McLennan of Florida, Inc.*, 2006 WL 1876995, at *2, C.A. No. 2:06-CV-6-FtM-29DNF (M.D. Fla. Jul. 5, 2006) (citing *Sphinx Int'l, Inc. v. National Union Fire Ins. Co. of Pittsburgh, Pa.*, 412 F.3d 1224, 1227 (11th Cir. 2005)).

### III.     Conclusion

For the reasons stated above, the Motion must be denied.

**WHEREFORE**, Plaintiff, Regions Bank respectfully requests that this Court enter an Order denying the motion to dismiss filed on behalf of Defendant, Mohamad R. Samiian, requiring the Defendant to file an Answer to the Amended Complaint within ten (10) days from the date of the Order, and granting to Regions such other and further relief as this Court deems fair and just.

DATED this 1st day of September, 2010.

>                    Respectfully submitted,
>
>                    /s/ W. Glenn Jensen
>                    W. Glenn Jensen, Esq.
>                    Florida Bar No. 0126070
>                    **ROETZEL & ANDRESS**
>                    P.O. Box 6507
>                    Orlando, FL 32802-6507
>                    Phone: (407) 896-2224
>                    Fax:    (407) 835-3596
>                    gjensen@ralaw.com
>                    **COUNSEL FOR REGIONS BANK**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 1st day of September, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: (i) Fred Tromberg, Esquire, 4925 Beach Blvd., Jacksonville, Florida 32207 (Counsel for Mohamad R. Samiian); (ii) J. Michael Lindell, Esquire, Lindell & Farson, PA, 12276 San Jose Blvd., Suite 126, Jacksonville, Florida 32223-8630 (Counsel for Hossein Ramezani); and (iii) Hormoz Khosravi, 3265 Front Road, Jacksonville, Florida 32257-4945.

/s/ W. Glenn Jensen
W. Glenn Jensen