UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK, an Alabama banking corporation, as successor by merger to AmSouth Bank,

    Plaintiff,

v.

MOHAMAD R. KHOSRAVI, individually,
BAHMAN VENUS, individually,
HORMOZ KHOSRAVI, individually,
and HOSSEIN RAMEZANI, individually,

    Defendants.
_____/

Case No. 3:10-cv-00646-UAMH-MCR

## REGIONS BANK'S RESPONSE IN OPPOSITION TO DEFENDANT HOSSEIN RAMEZANI'S MOTION TO STAY PROCEEDINGS

Plaintiff, Regions Bank, an Alabama banking corporation, as successor by merger to AmSouth Bank ("Regions"), by and through its undersigned counsel, hereby files this response in opposition to the motion to stay (the "Motion") (Doc. No. 28 ) filed by Defendant, Hossein Ramezani ("Ramezani" or "Defendant"), and states as follows:

### BACKGROUND

1. On July 27, 2010, Regions filed an Amended Complaint seeking to enforce the terms of four personal guaranties (the "Guaranties") executed by the above-named Defendants in connection with a commercial loan made by Regions to Apadana Investments, Inc. ("Apadana" or the "Borrower"). Count IV of the Amended Complaint is directed to Ramezani.

2. On or about April 30, 2010—before this action against the guarantor defendants was commenced—Apadana filed a voluntary petition for protection under Chapter 11 of the

United States Bankruptcy Code in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division (the "Bankruptcy Case").

3. On October 7, 2010, Ramezani filed the instant Motion, which is the third is a series of baseless, dilatory motions filed on behalf of the guarantor Defendants, asking this Court to either abate or stay these proceedings.

4. For the reasons discussed below, the Motion must be denied.

## MEMORANDUM OF LAW

### I. Standard on Motion to Stay

5. "In determining whether to grant a stay, courts generally examine three factors: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and on the court. *Alps South, LLC. v. The Ohio Willow Wood Co.*, No. 8:09-cv-00386-T-EAK-MAP, 2010 WL 2465176, at *1 (M.D. Fla. June 16, 2010) (citing *Freedom Scientific Inc. v. GW Micro, Inc.*, 2009 WL 2423095, at * 1 (M.D. Fla. Jul. 29, 2009)).

### II. Argument

#### A. There are no "on-going negotiations" between the parties to justify a stay.

6. Rather than attempt to justify a stay based upon a reasoned consideration of the factors discussed above, Ramezani instead bases his Motion on the fallacy that a stay is justified because it would allow the parties to continue their "on-going negotiations regarding the guaranties" at issue. On this point, Regions would like to be perfectly clear: there *are no* "on-going negotiations" between Regions and Ramezani, or any of the other Defendants for that matter. Quite the contrary. From day one, Regions has made every effort to advance this

litigation toward a timely resolution and, at every turn, those efforts have been frustrated by one dilatory pleading tactic after another by Ramezani and his co-Defendants.

7. Since there are no "on-going negotiations," there is no basis for this Court to order a stay of these proceedings to complete them.

**B.     Whether Regions is granted relief from the automatic stay in the Bankruptcy Case is irrelevant to Regions' action against Ramezani and the other guarantor Defendants.**

8. Perhaps sensing that the Court would quickly see through his "on-going negotiations" argument, Ramezani falls back on the meritless argument his co-Defendants' offer in support of their motions to stay or abate these proceedings; namely, Ramezani implies that it would be objectionable or inappropriate for Regions to pursue him and the other guarantor Defendants on the Guaranties if the automatic stay against Apadana is lifted and Regions is permitted to pursue a foreclosure action against Apadana. This argument fails for two related reasons.

9. First, this action is not against a debtor in bankruptcy; it is against several guarantors, each of which is a non-debtor party in this litigation. Courts of this and other circuits are in perfect agreement that "the automatic stay provisions of section 362(a) are generally are not available to third-party non-debtors" like Ramezani. *In re Sunbeam Securities Litigation*, 261 B.R. 534, 535 (Bankr. S.D. Fla. 2001) (citing *McCartney v. Integra Nat'l Bank North*, 106 F. 3d 506, 509-10) (3d Cir. 1997) (it is "'universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the…debtor'"). As such, the issue of whether the automatic stay is ultimately lifted as to Apadana—the borrower and now debtor in

bankruptcy—has absolutely no bearing on whether Regions can pursue Ramezani and the other guarantor Defendants.

10. A second and related reason that Ramezani's "automatic stay" argument fails is that Florida law grants creditors like Regions "cumulative" remedies. In particular, creditors may pursue (i) a suit on a guaranty, (ii) an action on a promissory note, or (iii) an action to foreclose a mortgage simultaneously, or separately, at their option. *See* § 46.041(1), Fla. Stat. (holder can sue guarantor in the same action as maker); § 673.416(1), Fla. Stat. (holder can sue guarantor separately); *see also Gottschamer v. August, Thompson, Sherr, Clark & Shaffer, P.C.*, 438 So. 2d 408, 409 (Fla. 2d DCA 1983) ("[A] suit on a guaranty and an action to foreclose a mortgage are not inconsistent remedies, and pursuing either action without satisfaction does not bar the pursuit of the other"); *Mullins v. Sunshine State Serv. Corp.*, 540 So. 2d 222, 223 (Fla. 5th DCA 1989) ("Where the guarantee is absolute, the guarantor becomes liable upon non-payment by the principal, and the person in who's favor the guaranty runs has no duty to first pursue the principal before resorting to the guarantors.").

11. Here, the very language of the Guaranties at issue makes it clear that Ramezani and the other guarantor Defendants have agreed to a primary, not a secondary, obligation on Apadana's indebtedness. That means that Ramezani is and can be held liable for Apadana's indebtedness to Regions now, regardless of whether Regions decides to sue Apadana on the note or to foreclose the mortgage at some point in the future.

12. Since the issue of whether Regions' is granted leave from the automatic stay to pursue its remedies against Apadana is wholly irrelevant to Regions' instant action against Ramezani and the other guarantor Defendants, it cannot serve as a basis to justify a stay of these proceedings.

### III. Conclusion

13.     Because the entry of a stay under the circumstances would serve no purpose other than to tactically disadvantage Regions and delay rather than streamline the resolution of this litigation, the Motion must be denied.

**WHEREFORE**, Plaintiff, Regions Bank, respectfully requests that this Court enter an Order denying the motion to stay filed on behalf of Defendant, Hossein Ramezani, and granting to Regions such other and further relief as this Court deems fair and just.

DATED this 21st day of October, 2010.

Respectfully submitted,

/s/ W. Glenn Jensen
W. Glenn Jensen, Esq.
Florida Bar No. 0126070
**ROETZEL & ANDRESS**
P.O. Box 6507
Orlando, FL 32802-6507
Phone: (407) 896-2224
Fax:    (407) 835-3596
gjensen@ralaw.com
**COUNSEL FOR REGIONS BANK**

6

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of September, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to the following: (i) Fred Tromberg, Esquire, 4925 Beach Blvd., Jacksonville, Florida 32207 (Counsel for Mohamad R. Khosravi); (ii) Stephen H. Durant, Esquire and C. Popham Decunto, 6550 St. Augustine Rd., Suite 105, Jacksonville, Florida 32217 (Counsel for Hossein Ramezani); and (iii) Carl Scott Shuler, Esq. and Brian J. Lee, 644 Cesery Blvd, Suite 250, Jacksonville, FL 32211 (Counsel for Hormoz Khosravi).

/s/ W. Glenn Jensen
W. Glenn Jensen