UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

REGIONS BANK, an Alabama bank corporation, as successor by merger to AmSouth Bank,

      Plaintiff,

vs.

Case No. 3:10-cv-646-J-37MCR

MOHAMMAD R. SAMIIAN, individually, HORMOZ KHOSRAVI, individually, and HOSSEIN RAMEZANI, individually,

      Defendnats.

## NOTICE OF SERVING ANSWER TO WRIT OF GARNISHMENT AND TO DEFENDANT, HOSSEIN RAMEZANI

    COMES NOW, Plaintiff, REGIONS BANK, and hereby gives notice of serving the Answer of Garnishee, Wells Fargo Bank, N.A.

    Notice to Defendant, HOSSEIN RAMEZANI. Please take notice that you must move to dissolve the writ of garnishment within 20 days after the date of this notice if any allegation in the Plaintiff's Motion for Writ of Garnishment is untrue.

    Dated this 21st day of December, 2016.

                                **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**
                                225 Water Street, Suite 1290
                                Jacksonville, FL 32202
                                Telephone:  (904) 665-3510
                                Facsimile:  (904) 339-9989
                                Counsel for Plaintiff

                        By:    /s/ Kyle Peters
                              Kyle Peters
                              Florida Bar No.: 91941
                              Primary: kpeters@bakerdonelson.com
                              Secondary: aprice@bakerdonelson.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System which will send an electronic notification of such filing to all counsel of record and other participants in the Court's ECF filing system.


By: /s/ Kyle Peters
Kyle Peters
Florida Bar No.: 91941

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.: 3:10-CV-646-J-37MCR

REGIONS BANK, AN ALABAMA BANK
CORPORATION, AS SUCCESSOR BY
MERGER TO AMSOUTH BANK,

    Plaintiff,

v.

MOHAMMAD R. SAMIIAN,
INDIVIDUALLY, HORMOZ KHOSRAVI,
INDIVIDUALLY, AND HOSSEIN
RAMEZANI, INDIVIDUALLY,

    Defendant,

v.

WELLS FARGO BANK, N.A.,

    Garnishee.

_____/

**ANSWER OF GARNISHEE
AND
<u>DEMAND FOR GARNISHMENT FEE</u>**

    COME NOW Garnishee, Wells Fargo Bank, N.A., successor in interest to Wachovia Bank, N.A., by and through its undersigned attorneys, and answers the Writ of Garnishment served herein on it and says:

    1.    At the time of service of said Writ (plus sufficient time not to exceed one business day for Garnishee to act expeditiously on the Writ) and at the time of this Answer, and in between said times, excluding any "protected amount" as defined in Title 31, Subtitle B, Chapter II, Subchapter A, Part 212, <u>Code of Federal Regulations</u>, **if any**, the Garnishee may be indebted to Defendant(s), "Hossein Ramezani,":

108247716

      A.    in the amount of $1,446.90 by virtue of an account(s) in the name of "Hossein Ramezani OR Susan Salehi Ramezani"

      B.    by virtue of two (2) Safe Deposit Boxes in the name of "Hossein Ramezani MD, Susan Salehi Ramezani" at the following address(es):

3203 Front Rd
Jacksonville, FL 32257-4945

and Garnishee in good faith has retained the sum of **$1,446.90 and has placed a "hold" on the two (2) Safe Deposit Boxes** in accordance with Chapter 77, and primarily Section 77.06(2) and (3), *Florida Statutes*.

    2.    Under Garnishee's Account Agreement with Garnishee's customer, Garnishee has a contractual right of setoff and a security interest in its customer's accounts for Legal Process, including garnishments, and it hereby claims this right as an Affirmative Defense. Specifically, among its other rights, Garnishee is authorized to charge against its customer's account(s) a Legal Process Fee in the amount of $125.00. See *Baxter Healthcare Corp. v. Universal Medical Labs, Inc.*, 760 So. 2d 1126 (Fla. App. 5 Dist 2000). Said sum has been taken from an account(s) enumerated in paragraph 1 above, or charged to an account(s), and the amount shown in paragraph 1 reflects the sum held and available for garnishment after setoff. Garnishee's Legal Process Fee is in addition to the statutory $100.00 garnishment fee payable to Garnishee's attorney for filing this Answer (Section 77.28 *Florida Statutes*).

    3.    The Garnishee has no other deposit, account or tangible or intangible personal property of Defendant(s) in its possession or control at the time of service of said Writ and at the time of this Answer, and in between said times, and knows of no other person indebted to the Defendant(s) or who may have any of the effects of the Defendant(s).

    4.    Except as provided in paragraph 1 above, the Garnishee has no obligation to make, and has not made, a factual determination as to whether any property of the Defendant(s) in its possession or control is subject to any exemption provided to the Defendant(s) by State or Federal law.

    5.    The Garnishee has retained the law firm of Marks Gray, P.A. to represent it in this matter and requests that it be paid its attorney's fees and costs as allowed by law.

108247716

**DEMAND FOR GARNISHMENT FEE**

The Plaintiff/Plaintiff's Counsel shall pay to the undersigned Law Firm the $100.00 deposit for Garnishee's attorney's fee for issuance of the garnishment Writ in the above-style cause pursuant to Section 77.28, *Florida Statutes*, as amended effective July 1, 2014.

MARKS GRAY, P.A.

By /s/ John B. Kent
John B. Kent
Florida Bar No. 042442
P.O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY (1) that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the first name on the attached Service List and (2) that a copy hereof has been furnished to the email or mail address(es) listed on the attached service list by email or mail on December 20, 2016.

MARKS GRAY, P.A.

By /s/ John B. Kent
John B. Kent
Florida Bar No. 042442
P.O. Box 447
Jacksonville, FL 32201
Telephone: (904) 398-0900
Facsimile: (904) 399-8440
jkent@marksgray.com
Attorneys for Garnishee

**SERVICE LIST**

Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
(Kpeters@bakerdonelson.com)

108247716

# WELLS FARGO BANK, N.A.

To all Plaintiffs/ Plaintiffs' Attorneys/ Creditors/ Creditors' Attorneys causing the Issuance of a Writ of Garnishment in the State of Florida:

> Re: Payment of the $100 Statutory Deposit
> <u>to Garnishee for its Attorneys Fee</u>

Ladies / Gentlemen:

    We hereby make Demand for, and Direct all Plaintiffs/ Plaintiffs' Attorneys/ Creditors/ Creditors' Attorneys causing the Issuance of a Writ of Garnishment in the State of Florida, to pay directly to our attorneys the $100.00 deposit for the payment or partial payment of Garnishee's attorneys' fees "Upon issuance of any writ of garnishment", which, pursuant to Chapter 77, Florida Statutes, as amended as of July 1, 2014, is due to Wells Fargo Bank, N.A., as Garnishee, based on its demand therefor.

Our attorney's address is:

> John B. Kent, Esquire
> Marks Gray, P.A.
> 1200 Riverplace Boulevard, Suite 800
> Jacksonville, Florida  32207
>
> Taxpayer Identification Number: 59-1514046

We appreciate your cooperation.

                                      Sincerely yours,

                                      Erica Cook
                                      Legal Order Processing Department
                                      Wells Fargo Bank, N.A.

<u>Please reference the Wells Fargo Bank File Number</u> shown on the bottom left corner of the Garnishee's Answer on the memo portion of the Check. Thank you!



JOHN B. KENT
Attorney at Law
email: Jkent@marksgray.com
tel: 904.398.0900
fax: 904.399.8440

TO PLAINTIFF'S ATTORNEY:

**PLEASE NOTE** that in its Answer, Garnishee has placed a "hold" on a **safe deposit box** in response to the Writ of Garnishment. Please include language in any Order or Final Judgment addressing what is to be done with the safe deposit box.

If the Court enters an Order requiring the safe deposit box be opened for an inventory of its contents, any such **Order must direct the Plaintiff (not the Garnishee)** to prepare the inventory of the contents of the safe deposit box and to file the inventory with the Court. Also, there is a drilling fee if the key to the safe deposit box is not available, which drilling fee must be paid at the time that the box is drilled.

Thank you,

Sincerely yours,

/s/ John B. Kent

John B. Kent